UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>SAM WONG, et al.,<br><br>Defendants. | No. 2:20-cv-1515 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se and seeks relief under 42 U.S.C. § 1983. On November 12, 2020, the court screened plaintiff's complaint and gave plaintiff the option of proceeding on that complaint as screened or filing an amended complaint attempting to cure the deficiencies identified therein. Plaintiff filed a first amended complaint on January 11, 2021. (ECF No. 11.) Plaintiff's first amended complaint is before the court for screening. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted.").

**I.  PLEADING STANDARDS**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct. Id. The court accepts as true all well-pleaded factual allegations but does not accept as true any legal conclusions. Id. at 677-78.

## II. ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiff's first amended complaint more clearly sets forth two causes of action under the Eighth Amendment. Plaintiff names as defendants the same three defendants at Mule Creek State Prison ("MCSP") named in the original complaint: Dr. Sam Wong, who is a primary care provider, Dr. C. Smith, who is the Chief Physician and Surgeon and Health Care Grievance Coordinator, and defendant S. Gates, who is the Chief Health Care Appeals Manager. Plaintiff additionally names "Doe" defendants. The Doe defendants are health care officials and/or appeals coordinators at MCSP. To the extent the Doe defendants are health care officials, they had the authorization to make decisions pertinent to plaintiff's medical care.

When plaintiff arrived at MCSP in 2017, he was taking methadone as prescribed pain medication. Plaintiff alleges the Doe defendants subsequently changed his prescription regimen for pain management from methadone to Neurontin (aka Gabapentin) and Tylenol. Then, beginning in May of 2019, the Doe defendants tapered plaintiff off Gabapentin. This change occurred without plaintiff visiting his primary care physician and without any discussion with plaintiff. By August 19, 2019, the Doe defendants had discontinued plaintiff's pain medication.

Plaintiff filed a grievance regarding the discontinuation of pain medication. Defendant Smith authored an inaccurate response to plaintiff's grievance stating plaintiff was taking Trileptal for his right foot pain. The response was incorrect because Trileptal is a psychotropic medication prescribed for reasons that have nothing to do with pain management.

Plaintiff alleges, in addition, he requires a back brace in order to have functional mobility. In 2018, plaintiff began requesting a replacement back brace because his prescribed back brace was no longer working. In 2018, and, again in 2020, plaintiff was examined by a physical therapist who agreed plaintiff needed a new back brace. The physical therapist submitted an order to replace plaintiff's back brace in 2019 but a replacement was not issued.

Plaintiff filed a grievance about his need for a new back brace. Plaintiff received a grievance response indicating an order for physical therapy had been completed pertaining to plaintiff. This was incorrect because plaintiff did not receive physical therapy.

Plaintiff sets forth two causes of action under the Eighth Amendment. The first cause of action is premised on the denial of pain medication and the second cause of action is premised on the denial of a replacement back brace. Plaintiff seeks damages, declaratory judgment and injunctive relief.

## III. DISCUSSION

### A. Eighth Amendment Medical Indifference Standards

Prison officials may violate the Constitution when they "deny, delay or intentionally interfere" with needed medical treatment. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Prison officials may also violate the Constitution when they choose a course of treatment that is "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to plaintiff's health[.]" Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). A prisoner's mere disagreement with diagnosis or treatment, however, does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical

claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

**B.      Serious Medical Need**

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."), overruled on other grounds by WMX Techs., Inc., 104 F.3d 1133.

Plaintiff alleges he needed a back brace in order to be have functional mobility. Plaintiff further alleges a physical therapist ordered that he receive a replacement back brace because the brace he had was no longer functioning. These allegations suffice to allege that plaintiff had a serious medical need pertaining to the use of a back brace.

In regard to the pain medication, however, the allegations in the first amended complaint fail to demonstrate plaintiff had a serious medical need for continued pain medication. The first amended complaint alleges merely that doctors discontinued plaintiff's pain medication. Factual allegations demonstrating plaintiff had a serious medical need for continued pain medication do not appear in the first amended complaint.[1]

////

---

[1] Plaintiff's original complaint alleged he suffers from a progressive condition called v-fiscula maleformation (deformity) to his right foot for which he requires the use of a back brace and a walking apparatus. Plaintiff's original complaint alleged he suffers from permanent neurological damage that can only be managed by pain medication, as well as chronic back pain, having been diagnosed with severe arthritis in the lower back. These allegations were not included in the amended complaint. As plaintiff was cautioned in the November 12, 2020 screening order, the court cannot look to the original complaint's allegations in order to make complete any amended complaint. An amended complaint must be complete in itself without reference to any other pleading.

4

### C. Deliberate Indifference

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A defendant is liable if he knows the plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. In addition, a prison official who is subjectively aware an inmate is suffering from a serious acute medical condition violates the Constitution when he stands idly by rather than responding with reasonable diligence to treat the condition. See Sandoval v. Cty. of San Diego, 985 F.3d 657, 679-80 (9th Cir. 2021).

The allegations in the first amended complaint are insufficient to plausibly suggest any named defendant knew plaintiff was suffering with a serious medical need consciously disregarded by that defendant. In other words, plaintiff's allegations do not establish that any named defendant knew he needed continued pain medication or a replacement back brace and consciously disregarded either need. Throughout plaintiff's factual allegations, the first amended complaint uses the label "defendants" without indicating which defendants are referred to by use of the term. General allegations regarding "defendants" are insufficient to state a claim because such allegations do not identify which specific defendants are responsible for the alleged harms.

Under section 1983, a plaintiff must ultimately demonstrate that each named defendant personally participated in the deprivation of his rights. See Iqbal, 556 U.S. at 676-77. In order to state a claim for a violation of civil rights under 42 U.S.C. § 1983, a plaintiff must allege a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. See Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). The court finds plaintiff's factual allegations fail to link any named defendant as personally responsible for the alleged violations involving pain medication and the lack of a replacement back brace.

While plaintiff alleges defendant Wong is a primary care provider at MCSP, plaintiff does not specify whether defendant Wong treated plaintiff or any other factual allegations to defendant

////

Wong. Plaintiff further alleges his pain medication regimen was changed without a visit to his primary care provider. These allegations do not state a claim against defendant Wong.

In addition, it appears plaintiff still attempts to name defendant Smith, and possibly defendant Gates, based on their actions as supervisors or their actions in reviewing or responding to plaintiff's grievances. As plaintiff was previously informed in a prior screening order, a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Allegations that defendant Smith authored inaccurate responses to plaintiff's grievances do not state a valid claim for relief.

The first amended complaint also lacks specific factual allegations directed to defendant Gates, who is alleged to be the chief of "Health Care Correspondence and Appeals Branch Policy and Risk Management Services." Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012). The allegations in the first amended complaint do not state a valid claim against defendant Gates.

### D. Doe Defendants

The use of Doe defendants in pleading practice is disfavored but is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). The United States Court of Appeals for the Ninth Circuit has held a plaintiff should be given an opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield, 177 F.3d at 1163 (citing Gillespie, 629 F.2d at 642).

Plaintiff's disagreement with the Doe defendants about the appropriate medication regime for pain management does not amount to deliberate indifference to serious medical needs. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). As set forth above, the first amended complaint contains no facts which, if true, would demonstrate taking plaintiff off pain medication

was "medically unacceptable under the circumstances." <u>Jackson</u> 90 F.3d at 332, overruled on other grounds by <u>Peralta</u>, 744 F.3d 1076. In addition, the amended complaint contains no facts suggesting the Doe defendants subjectively knew discontinuing plaintiff's pain medication would cause significant injury or wanton infliction of pain. See <u>Jett</u>, 439 F.3d at 1096; <u>McGuckin</u>, 974 F.2d at 1059-60. Thus, plaintiff fails to state a claim against the Doe defendants.

Plaintiff is cautioned that, in the event he states a claim against the Doe defendants in a further amended complaint, but no identified defendants, the court cannot serve a complaint with only Doe defendants. Since, by this order, plaintiff will be granted one final opportunity to file an amended complaint, plaintiff is encouraged to use the extra time granted to attempt to supply the names of any Doe defendants. Plaintiff will be granted 60 days to file a second amended complaint.

## IV.     CONCLUSION

The first amended complaint fails to state a claim on which relief may be granted. The court will allow plaintiff <u>one final opportunity</u> to state a valid claim by filing a second amended complaint. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, after which the action would be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his first amended complaint. See <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If plaintiff elects to forego amendment and stand on his first amended complaint, then the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend. Plaintiff will have an opportunity to object to any findings and recommendations and the matter will be decided by a district court judge.

If plaintiff opts to file a second amended complaint, he should carefully review this screening order and focus his efforts on curing the deficiencies set forth. Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). As plaintiff was previously cautioned, Local Rule 220 requires that an amended complaint be

complete in itself, without reference to another pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled "Second Amended Complaint" and reference the appropriate case number.

Accordingly, it is HEREBY ORDERED:

1. Within 60 days from the date of service of this order, plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

3. If plaintiff fails to file a second amended complaint or notice of voluntary dismissal, then the undersigned will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: May 12, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
mont1515.scrnFAC